■ MAGRUDER M. DODSON, Respondent, v CITY OF NEW YORK, Appellant, and MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent. — Judgment, Supreme Court, Bronx County (Vincent Bradley, J.), entered February 15, 1983, which, after a jury trial, found the City of New York liable in an action for personal injuries sustained when the plaintiff fell on an icy street, and awarded plaintiff damages in the total amount of $185,000, plus costs, reversed, on the law, without costs, and the matter remanded for a new trial. ¶ This is an action for damages allegedly sustained by plaintiff when, alighting from a bus at the intersection of Westchester and Tinton Avenues, she fell on icy snow piled high at the bus stop. ¶ It is essentially undisputed that three inches of snow had accumulated as a result of a snowstorm on January 13, 1978, and that there fell on the following day, January 14, 1978, a freezing drizzle and precipitation ending at about 4:00 P.M. on that date. The accident occurred at approximately noon on January 15, 1978, some 17 hours after the termination of the precipitation. ¶ In this appeal by New York City (City) from a judgment in favor of the plaintiff in the sum of $185,000 and costs, after a jury trial, two issues are presented. The first is raised by the City's contention that the evidence was legally insufficient to establish its liability, a "reasonable" length of time not having elapsed between the end of the storm giving rise to the condition and the occurrence of the accident. (See *Valentine v City of New York*, 86 AD2d 381, affd 57 NY2d 932.) The second issue is presented by the plaintiff's contention that the jury finding of liability may be sustained on the independent ground that the City had in fact undertaken snow-clearing operations in the area, and had affirmatively created a dangerous condition at the scene of the accident by piling up the snow at a bus stop. A study of the record relating to this contention by the plaintiff indicates a confused procedural development at trial that seems to us to require that the judgment be reversed and the case remanded for a new trial. ¶ As limited by its bill of particulars, plaintiff's theory of negligence did not include a claim that the City had affirmatively created a dangerous condition by the manner in which it had undertaken snow removal operations at the site of the accident. On the other hand, the evidence developed during the plaintiff's case created a factual basis for that claim. Although plaintiff's

counsel did not move to conform the pleadings to the proof, he did argue strongly in his summation, without objection, this theory of liability. Considered in the light of the unobjected-to summation by plaintiff's counsel, the jury could reasonably have understood from the general language of the court's charge that this theory of liability was being submitted to it, even though it is apparent from a colloquy between the court and counsel in the absence of the jury that the court had not intended to submit that theory. In short, the jury may well have found for the plaintiff on a theory of liability that has some support in the evidence but which the court did not intend it to consider, and as to which the Corporation Counsel may not have had timely notice. Concur — Sandler, J. P., Asch, Fein and Alexander, JJ.

Silverman, J., concurs in a separate memorandum as follows: While it is not at all clear to me that plaintiff has shown enough to warrant submitting the case to the jury on a proper theory, I agree that the interests of justice would be better served by a new trial.